UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cr-80058-RLR
18 U.S.C. § 1030(a)(5)(B)

UNITED STATES OF AMERICA

vs.

STACEY TENEN,
        Defendant.
_____/

FACTUAL AGREEMENT

The parties agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt, to prove that the Defendant, STACEY TENEN, violated Title 18, United States Code, Section 1030(a)(5)(B) on or about September 18-19, 2012, in that he intentionally accessed a protected computer without authorization, and as a result of such conduct, recklessly caused damage aggregating at least $5,000 in value to one or more persons during any one year period, said activity occurring in Palm Beach County, Florida:

Company A is an investment management firm located in Palm Beach County, in the Southern District of Florida. Company A's customers include pension plans, corporations, insurance companies, public and private foundations, and individuals investors. Company A possessed various personal identifying information of its customers within its computer network, such as taxpayer identification numbers, social security numbers, dates of birth, financial account numbers, addresses and contact telephone numbers. Company A's computer network also stored employee personal identifying information within their human

1

resources files, such as dates of birth, social security numbers and addresses of Company A employees.

From on or about January 30, 2008 through on or about August 31, 2012, Defendant STACEY TENEN ("TENEN") was employed by Company A as a Director of Infrastructure Technology. His duties included the management of the company network and the reliability and integrity of confidential corporate data, proprietary information and intellectual property of Company A. As part of his duties, TENEN was given administrator-level password controlled access to Company A's computer network, as well as username and passwords to various employee accounts.

TENEN's employment was terminated on or about August 31, 2012. After August 31, 2012, the Defendant was no longer authorized to access Company A's computers or networks for any reason.

On or about September 12, 2012, TENEN, utilizing IP address 108.224.166.25, accessed Company A's computer network and created a new user profile on one of Company A's servers. TENEN accessed Company A's network without authorization using an internet connection at his residence in Riviera Beach, Florida. During this time, TENEN paid AT&T for internet service at his residence and was assigned IP address 108.224.166.25.

On or about September 18, 2012, TENEN, without authorization, accessed Company A's account at a third party vendor, LogMeIn, which provided Company A with remote access services, and changed the contact email address for Company A's account from TENEN's old email account at Company A to TENEN's personal email account ("G33ky@att.net").

From on or about September 18, 2012 to on or about September 19, 2012, TENEN used the "G33ky@att.net" username to log into Company A's servers and workstations via LogMeIn to access, read and download numerous confidential proprietary business files, client files, and human resource files without authorization. Said unauthorized activity took place over a five hour period from September 18-19, 2012. Application logs show that TENEN accessed and downloaded such files from numerous directories within Company A's network.

On or about September 18-19, 2012, in an effort to hide traces of his unauthorized connections to Company A's network, TENEN also deleted all event logs from certain Company A servers. TENEN also deleted and/or reformatted various computers, hard drives, and storage devices belonging to Company A on or about September 24, 2012 and October 5, 2012.

WIFREDO A FERRER
UNITED STATES ATTORNEY

Date: 5/13/16   By: _____
AURORA FAGAN
ASST. UNITED STATES ATTORNEY

Date: 5-2-16   By: _____
GUY LEWIS
ATTORNEY FOR DEFENDANT

Date: 5/2/2016   By: _____
STACEY TENEN
DEFENDANT

3